begun but sufficient to restrain defendant from committing waste, may be aided by a supplemental bill setting up subsequent service of such notice.

3. MORTGAGES, § 487*—*when defense not set up by cross-bill.* In proceeding by holder of the notes to foreclose, defendant claiming he is the equitable owner of such notes may set up such fact as a defense without a cross-bill

4. EQUITY, § 263*—*supplemental bill.* An original bill sufficient for one kind of relief prayed is a sufficient foundation for a supplemental bill for other and more extensive relief.

5. APPEAL AND ERROR, § 352*—*when party entitled to appeal after parting with his interest.* A party having disposed of his interest *pendente lite* may appeal where his grantees were not made defendants in his stead and he continues as the only party representing their interests.

6. APPEAL AND ERROR, § 1447*—*when dismissal of cross-bill harmless.* Error in dismissing a cross-bill is immaterial where the same facts contained therein were afterward set up in an answer and a full hearing was had upon the issues thus raised.

7. APPEAL AND ERROR, § 1041*—*when assignment of errors treated as a separate assignment.* An assignment of errors purporting to be made by all the defendants "jointly and severally" may be treated as a separate assignment where only one defendant appeals.

---

### Emil Schaedel, Appellee, v. Chicago Railways Company, Appellant.

#### Gen. No. 18,020.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 9, 1913. Rehearing denied October 23, 1913.

### Statement of the Case.

Action by Emil Schaedel against Chicago Railways Company to recover for personal injuries sustained by plaintiff while attempting to cross defendant's tracks at street intersection in front of one of defendant's cars. From a judgment for one thousand five

hundred dollars in favor of plaintiff, defendant appeals.

JOSEPH D. RYAN and FRANK L. KRIETE, for appellant; JOHN R. GUILLIAMS, of counsel.

EDWARD MAHER and JAMES L. BYNUM, for appellee; BERNHARDT FRANK, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 97*—*care of pedestrian in crossing tracks.* A pedestrian in attempting to cross the street with knowledge that a street car is rapidly approaching is bound only to exercise a reasonable judgment in view of all the circumstances.

2. STREET RAILROADS, § 97*—*when pedestrian with knowledge of approaching car may cross track.* Whether it is prudent for a pedestrian to cross tracks with knowledge that a street car is rapidly approaching depends upon the distance he has to go, the apparent speed of the car and other like circumstances.

3. STREET RAILROADS, § 113*—*when plaintiff's testimony that he heard no gong, admissible.* Testimony of plaintiff in an action for personal injuries that he heard no gong or bell is admissible as bearing upon the question whether plaintiff exercised due care.

4. STREET RAILROADS, § 111*—*presumption considered in determining due care of plaintiff.* Presumption that motorman will exercise due care in the operation of street car may be considered in determining the question of contributory negligence.

5. STREET RAILROADS, § 135*—*questions for jury.* Question whether a person had reasonable grounds to believe that he had time to cross track before street car would reach him, is for the jury.

6. STREET RAILROADS, § 144*—*instruction defining "ordinary care."* Instruction defining the words "ordinary care" to mean "that degree of care which a reasonably prudent or cautious person would take to avoid injury under like circumstances" *held* not objectionable as limiting question of due care of plaintiff to the time of the injury.

7. APPEAL AND ERROR, § 1241*—*when party cannot complain of error in instructions.* Appellant cannot complain of instructions given, where his own instructions are objectionable for same fault.

MCSURELY, P. J., dissenting.